DECISION
Defendant Derek DeCosta, appearing pro se, has filed a motion to restore good time to which the Department of Corrections objects. After hearing held on September 11, 2001, it is the opinion of the Court that the motion must be denied.
The facts relevant to this Decision are not in dispute. Defendant DeCosta was held in pretrial detention for the period November 25, 1995 to May 8, 1998. At sentencing he was given credit for time served pursuant to R.I.G.L. 12-19-2(a). DeCosta now argues that because the good time statute, R.IG.L. § 42-56-24, does not become operative until the prisoner "has been sentenced to imprisonment for six months or more," the withholding of good time cannot be undertaken by the Department of Corrections for infractions which he may have committed during that period. Defendant does not contest the appropriateness of the denial of 70 days of good time for reasons other than his contention that the statute does not permit the Director to withhold the credit in that he was not a "sentenced" prisoner.
Defendant's interpretation of the statute is not only illogical, but flies in the face of a commonsensical reading of the pertinent statutes as well as case law. The "good time" statute provides in pertinent part that "[t]he director . . . shall keep a record of the conduct of each prisoner, and for each month that a prisoner who has been sentenced to imprisonment for six (6) months or more and not under sentence to imprisonment for life, appears by the record to have faithfully observed all the rules and requirements of the institutions and not to have been subjected to discipline, there shall, with the consent of the Director of the Department of Corrections . . . be deducted from the term or terms of sentence of that prisoner [a period of days]." (Emphasis added.) Section42-56-24(a). A plain reading of the statute indicates that the granting of good time is discretionary with the Director of the Department of Corrections. This has likewise been the interpretation of our Supreme Court. See Leach v. Vose, 689 A.2d 393, 398 (1997).
Because the Defendant has not alleged a due process violation or any other constitutionally prohibited application of the statute by the Director, it is clear that the granting of good time in his case was discretionary. Moreover, the result in this case is firmly footed in a commonsensical application of the law regarding the incarceration of prisoners. Defendant was given credit for the time served between 1995 and the date of his conviction. For him to argue that the statutory requirements regarding good time are not applicable, yet at the same time reap benefit from the retroactive date computed for his service of sentence, would stand logic on its head. This Court will not countenance such an interpretation of the law.
For the above reasons Defendant DeCosta's motion is hereby denied.